IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLEGRO CREDIT SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>OF A FEATHER, LLC, JARED STAMELL and SUSAN STAMELL<br><br>Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff Allegro Credit Services, LLC ("Allegro"), by and through its undersigned counsel, brings this Complaint against Defendants Of a Feather, LLC ("Feather"), Jared Stamell and Susan Stamell (collectively, the "Guarantor Defendants"). In support of its Complaint, Allegro alleges the following:

## I. NATURE OF THE CASE

Through this proceeding, Allegro seeks compensatory damages for Defendants' failure to pay the non-refundable, fully earned, Commitment Fee under the terms of a Loan Commitment Defendants. Defendants repeatedly breached their obligations under the Allegro Loan Commitment and used Allegro's Loan Commitment as a negotiating tool to secure different financing, never intending to consummate the loan with Allegro. Allegro incurred costs and expenses related to the Loan Commitment. As a result, Feather and the Guarantor Defendants should be made to pay the remaining $555,000 owed on the Commitment Fee.

## II.     PARTIES, JURISDICTION AND VENUE

1. Defendant Jared Stamell is a citizen of New York County, New York.

2. Defendant Susan Stamell is a citizen of New York County, New York.

3. Defendant Feather is a Delaware limited liability corporation. On information and belief, Feather's principal place of business is either the state of New York or the Commonwealth of Massachusetts.

4. On information and belief, Jared Stamell is the sole member of Feather.

5. Plaintiff Allegro is a Delaware limited liability company ("LLC"), with its principal place of business located in Los Angeles, California.

6. The sole member of Allegro Credit Services, LLC, is Allegro, LLC, a Delaware LLC, with its principal place of business located in Los Angeles, California.

7. The members of Allegro LLC are GLD Capital Opportunities, LLC, a Delaware LLC, with its principal place of business located in Los Angeles, California; and George Caruolo, a citizen of Rhode Island.

8. The sole member of GLD Capital Opportunities, LLC, is GLD Partners LP, a Delaware limited partnership, with its principal place of business located in Los Angeles, California.

9. The partners of GLD Partners LP are various entities and individuals, none of which are citizens of the State of New York or the Commonwealth of Massachusetts.

10. For the purposes of diversity jurisdiction, a limited liability company takes the citizenship of its members. *Avant Capital Partners, LLC v. W108 Development LLC*, 387 F. Supp. 3d. 320, 322 (S.D.N.Y. 2016).

11. Because the members of Allegro are completely diverse from the members of Feather, and the amount in controversy exceeds $75,000, this Court has proper subject matter jurisdiction under 28 U.S.C. § 1332(a) and § 1441.

12. Venue is proper in this Court under 28 U.S.C. § 1441 because the Southern District of New York embraces New York County, New York, of which Defendants Jared Stamell, Susan Stamell are citizens, and of which Defendant Feather is also a citizen through its sole member, Jared Stamell.

13. Additionally, the Loan Commitment identifies that the parties consented to a New York forum for adjudication of disputes.

14. Further, a relation action captioned *Of a Feather, LLC v. Allegro, LLC*, C.A. No. 1:19-cv-09351-DLC; is currently pending in this Court and the interest of judicial efficiency favors the filing of the present action in the same Court.

### III.    FACTS

15. In March 2005, Stamell executed and delivered a promissory note in the principal amount of $7 million in favor of American Home Mortgage Acceptance, Inc. (the "Note"). The Note was secured by a first mortgage (the "Mortgage") against a certain parcel of real property in Martha's Vineyard, Massachusetts owned by Stamell (the "Property"). At this time of the execution of the Note and Mortgage, the Property had an appraised value in excess of $15,000,000.

16. Thereafter, Stamell defaulted on the Note and Mortgage. By December 14, 2018, the total amount due on the Note was approximately Nine Million, Five Hundred Forty-Two Thousand, Fifty-Six Dollars and Sixty-Six Cents ($9,542,056.66).

17. Following Stamell's default on the Note, Ocwen Loan Servicing, LLC ("Ocwen") initiated a foreclosure action against Stamell with respect to the Mortgage and the Property. Stamell, together with his mortgage broker Renato Muzii ("Muzii"), engaged in negotiations with Ocwen concerning a forbearance during which time Stamell would refinance and pay off the balance due to Ocwen.

18. In early 2019, Muzii contacted Daniel Gordon ("Gordon"), a principal of Allegro, for the purpose of securing re-financing on the Property. Though Gordon had misgivings about dealing with Stamell, at the urging of Muzii, he nonetheless began negotiating with Stamell. Over the course of the next several months, the Stamells engaged in on-again, off-again negotiations with Allegro. It was not until the Property was on the cusp of a public foreclosure sale that Stamell began to seriously negotiate a loan.

19. In anticipation of a refinancing transaction, Stamell formed Feather with the intention of transferring title to the Property to Feather.

20. On or about March 11, 2019, Allegro issued a loan commitment letter to Feather (the "Loan Commitment"). (**Exhibit A**). Pursuant to the Loan Commitment, Allegro committed to loan a maximum amount of Six Million Nine Hundred Thousand Dollars ($6,900,000) (the "Loan") to Feather for the purpose of saving the Property from foreclosure.

21. Pursuant to the Loan Commitment, Feather agreed to pay Allegro a $575,000 loan commitment fee, fully earned at the time of acceptance of the Loan Commitment and non-refundable (the "Commitment Fee") as well as pay a retainer to a law firm to represent the Lender in preparation of loan documents and the closing of the loan.

22. On March 22, 2019, Feather, as the borrower, and the Guarantor Defendants, as the guarantors, signed and delivered the Loan Commitment to Allegro. Defendants also paid $20,000 toward the Commitment Fee.

23. Upon signing of the Commitment Letter, Guarantor Defendants, jointly and severally, absolutely and unconditionally, guaranteed the prompt payment to Allegro of the Commitment Fee together with any other obligations Feather incurred pursuant to the Loan Commitment. Each of the Guarantor Defendants further agreed guaranteed repayment on demand, without requiring Allegro to enforce its rights against Feather.

24. Feather repeatedly breached the provisions of the Loan Commitment by failing to make the following payments to Allegro as required by the Loan Commitment:

   a. Prepayment of reasonable legal fees and expenses of Allegro's attorney for services provided to Allegro in connection with the transaction under the Commitment Letter (See Section "Legal Matters" Exhibit A, page 2);

   b. Payment of the balance of the Commitment Fee owed – not less than $555,000; and

   c. Payment of all costs and expenses required to satisfy the conditions of the Loan Commitment and the making of the Loan at or prior to the Loan closing, or upon demand if the Loan does not close or if this Commitment Letter is terminated (See Section "Expenses," Exhibit A, page 4).

25. Allegro repeatedly advised Feather and its counsel that Feather was in breach of the terms of the Loan Commitment.

26. Notwithstanding its understanding of its obligations under the Loan Commitment at the time the Loan Commitment was executed and delivered, Feather and the Guarantor Defendants subsequently advised Allegro that they lacked the funds to meet their obligations under the Loan Commitment.

27. At one point, Stamell asked his counsel to contact Gordon and offer him a bottle of wine to partially satisfy Feather's financial obligations under the Loan Commitment. Gordon declined the offer and advised Stamell's counsel that Allegro expected Feather to comply with its obligations.

28. Thereafter, Feather obtained a loan from third-party lender Titan Capital ID, LLC ("Titan") to refinance the then defaulted mortgage on the Property and elected not to proceed to a closing of the Loan under the Loan Commitment.

29. On June 10, 2019, Allegro demanded the Guarantor Defendants to repay the Feather's Obligations under the Loan Commitment. As of the date hereof, the Guarantor Defendants have not made any such payment.

## IV.    CAUSES OF ACTION

### Count One – Breach of Contract
*(Against Of a Feather)*

30. Allegro repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein

31. The Loan Commitment reflects and memorializes a valid and enforceable contractual agreement between Allegro and Feather.

32. Allegro performed all of its obligations under the Loan Commitment.

33. Feather breached the Loan Commitment by failing and refusing to make certain payments required by the Commitment Letter.

34. By reason of Feather's breaches and failures to perform under the Loan Commitment, Allegro has been damaged in an amount not less than $555,000, plus pre-and post-judgment interest, costs and attorneys' fees.

**Count Two – Breach of Contract**
*(Against Guarantor Defendants)*

35. Allegro repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

36. Feather's contractual obligations to Allegro are guaranteed by the Guarantor Defendants pursuant to the Loan Commitment Letter.

37. The failure by the Guarantor Defendants to timely make required payments under the Loan Commitment constitutes a breach of the Commitment Letter.

38. By reason of the Guarantor Defendants' breaches and failures to perform under the Loan Commitment, Allegro has been damaged in an amount not less than $555,000, plus pre-and post-judgment interest, costs and attorneys' fees.

## V. PRAYER FOR RELIEF

WHEREFORE, Allegro respectfully requests that judgment be entered in its favor as follows:

A. judgment against Feather and the Guarantor Defendants, jointly and severally, for compensatory damages in an amount not less than $555,000;

B. pre- and post-judgment interest at the contractual or legal rate;

C. an award of costs and attorneys' fees incurred by Allegro in this action; and

D. all such other and further relief as the Court deems just and proper under the circumstances.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


Dated:  March 27, 2020  */s/Elliott McGraw*
Elliott McGraw
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20009
(202) 463.2101


*/s/Sean J. Bellew*
Sean J. Bellew (*pro hac vice* to be filed)
Bellew LLC
2961 Centerville Road, Suite 302
Wilmington, DE  19808
(302) 353-4951
*Attorneys for Plaintiff*